McMillan, judge.
The appellant was convicted of conspiracy to commit a controlled substance crime, in violation of § 20-2-163, Code of Alabama (1975). She was sentenced to five years’ imprisonment; however, her sentence was modified so that she was sentenced to a three-year suspended prison term; two years to be spent on supervised probation, provided she serve one year in the Montgomery County Jail.
I
The appellant argues that the trial court erred in instructing the jury that she must be convicted of conspiracy if she aided or abetted a member of the conspiracy. The appellant argues that the trial court’s instructions allowed the jury to find her legally accountable under a complicity theory, thus finding her guilty of conspiracy, although she did not have an agreement or a joint intention to engage in or perform conduct that would constitute the offense.
The record indicates that the trial court instructed the jury as follows:
“The court charges the jury an aider and abettor may be indicted directly with the commission of the substantive crime and the charge may be supported by proof that he only aided and abetted in its commission.
“The court charges the jury if the jury is convinced beyond a reasonable doubt that the defendants were present with a view to render aid and should it become necessary, the fact that the defendants are an aider and abettor is established.
“The court charges the jury that a conspiracy need not be proven by direct and positive evidence, but may be inferred from the conduct of the parties and all the attendant circumstances accompanying the doing of the act.
“The court charges the jury if you find from the evidence that the defendant intentionally and knowingly aided and abetted one who was a party to the conspiracy, then you must find the defendant guilty even though she was not herself formally a party to the conspiracy.”
The record also indicates that the trial court charged the jury properly on the law of criminal conspiracy, including the element of agreement, in reading the statute to the jury and in charging on the reasonable doubt standard and the prosecutor’s burden of proof. The trial court also charged the jury as to the statutory elements of complicity, initially stating that, “accomplice liability for offenses committed in furtherance of a conspiracy is to be determined as provided in Section 13A-2-23.”
After the trial court completed its oral charge, defense counsel objected as follows, “I object to the charge regarding complicity. This is a conspiracy charge and we are objecting to the complicity which enlargens their participation in the crime rather than narrowing it down to the conspiracy charge.” Thereafter, the trial court charged the jury “that the words aid or abet comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary.”
Although the trial court charged the jury on the principles of complicity and conspiracy, the appellant was simply indicted with conspiracy. There are several differences between conspiracy and accomplice liability. Chisler v. State, 553 So.2d 654 (Ala.Cr.App.1989). The penalty for conspirators is usually one class lower; in order for a defendant to be convicted as an accomplice, the guilt of the principal must be shown; and in order to be convicted of conspiracy, an agreement between the parties must be shown. Id. In the present case, the guilt of the principal was shown, as he had been convicted at the time he testified. Furthermore, although the penalty for conspirators is generally one class lower than that of a principal or accomplice, such is not the case *281 for criminal conspiracy., to commit a controlled substance crime. See § 20-2-163(c), Code of Alabama (1975). However, although the trial court charged the jury on' the agreement element of the crime of conspiracy during his oral charge, he also included the complicity charges, which do not require agreement. In Chisler v. State, supra, the trial court instructed the jury on the principles of accessorial liability, as well as on certain principles of conspiracy, although the' defendant was only charged as an accomplice. This court held:
“The fact that this defendant’s jury was instructed in these terms, though misleading and erroneous, could not have harmed her, since the triers of fact were told that they must find an additional element (that of preconcert, agreement, or common enterprise) in order to find her guilty. Under the circumstances, the court’s error could only have worked in her favor. A.R.A.P. 45.”
(Emphasis in original.)
In the present case, however, because the appellant was charged with conspiracy, by charging the jury oh the elements of complicity, the State’s burden of proof was lessened. If the jury, in following the trial court’s charges as to complicity, found that the appellant was guilty , as an accomplice, it need not have found that there'was an agreement between the appellant and the other parties. For this reason, the trial court’s erroneous instructions cannot be deemed harmless.
REVERSED AND REMANDED.
All the Judges concur.