McMillan, judge.
The appellant was convicted of conspiracy to commit a controlled substance crime, in violation of § 20-2-163, Code of Alabama (1975). She was sentenced to two years’ imprisonment; however, subsequently the trial court granted the appellant youthful offender status and modified her sentence to a two-year suspended prison term, one year to be spent on supervised probation, provided the appellant serve one year in the Montgomery County jail.
The appellant argues that the trial court improperly charged the jury on the law of complicity in a case wherein she had been indicted for conspiracy to commit a controlled substances crime. Defense counsel objected on the grounds that the charge concerning complicity “enlarges their [the co-defendants’] participation in the crime rather than narrowing it down to the conspiracy charge.” This issue was also raised on appeal by the appellant’s co-defendant, who was jointly tried with the appellant. This court held that the trial court erred in instructing the jury on the elements of complicity where the appellant was charged with conspiracy. Jones v. *527 State, 562 So.2d 279 (Ala.Cr.App.1990). Therefore, this cause is reversed and remanded to the trial court for a new trial.
REVERSED AND REMANDED.
All the Judges concur.